UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE RAMIREZ, ALEJANDRO NAVARRETE, WILMER CAIZA, and SEGUNDO YANZAPANTA individually and on behalf of all others similarly situated,

                              Plaintiffs,

      -against-

URION CONSTRUCTION LLC and HERIBERTO GONZALEZ SIRIAS, as an individual,

                              Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs, **JOSE RAMIREZ, ALEJANDRO NAVARRETE, WILMER CAIZA, and SEGUNDO YANZAPANTA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **URION CONSTRUCTION LLC and HERIBERTO GONZALEZ SIRIAS, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 95 Old Broadway, New York, NY 10027.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff JOSE RAMIREZ residing at Bronx, NY 10027, was employed by URION CONSTRUCTION LLC from in or around April 2011 until in or around January 2022.

8. Plaintiff ALEJANDRO NAVARRETE residing at Jackson Heights, NY, 11372 was employed by URION CONSTRUCTION LLC from in or around March 2016 until in or around January 2022.

9. Plaintiff WILMER CAIZA residing at Corona, NY 11368, was employed by URION CONSTRUCTION LLC from in or around September 2021 until in or around January 2022.

10. Plaintiff SEGUNDO YANZAPANTA residing at Corona, NY 11368, was employed by URION CONSTRUCTION LLC from in or around March 2021 until in or around January 2022.

11. Defendant, URION CONSTRUCTION LLC is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 95 Old Broadway., NY, 10027.

12. Upon information and belief, Defendant HERIBERTO GONZALEZ SIRIAS is the owner of URION CONSTRUCTION LLC.

13. Upon information and belief, Defendant HERIBERTO GONZALEZ SIRIAS is an agent of URION CONSTRUCTION LLC.

14. Upon information and belief, HERIBERTO GONZALEZ SIRIAS is responsible for overseeing URION CONSTRUCTION LLC.
15. Upon information and belief, HERIBERTO GONZALEZ SIRIAS has power and authority over all the final personnel decisions of URION CONSTRUCTION LLC.
16. Upon information and belief, HERIBERTO GONZALEZ SIRIAS has the power and authority over all final payroll decisions of URION CONSTRUCTION LLC, including the Plaintiffs.
17. Upon information and belief, HERIBERTO GONZALEZ SIRIAS has the exclusive final power to hire the employees of URION CONSTRUCTION LLC, including the Plaintiffs.
18. Upon information and belief, HERIBERTO GONZALEZ SIRIAS has exclusive final power over the firing and terminating of the employees of URION CONSTRUCTION LLC, including Plaintiffs.
19. Upon information and belief, HERIBERTO GONZALEZ SIRIAS is responsible for determining, establishing, and paying the wages of all employees of URION CONSTRUCTION LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.
20. Accordingly, at all relevant times hereto, Defendant HERIBERTO GONZALEZ SIRIAS was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
21. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that URION CONSTRUCTION LLC (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

22. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on April 2022.  As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning April 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
### JOSE RAMIREZ

23. Plaintiff JOSE RAMIREZ was employed by URION CONSTRUCTION LLC, as a construction worker while performing related miscellaneous duties such as waterproofing, corking and painting for the Defendants, from in or around April 2011 until in or around January 2022.

24. During the relevant statutory period, Plaintiff JOSE RAMIREZ regularly worked six (6) days per week from in or around April 2016 until in or around December 2017 and five (5) days per week from in or around January 2018 until in or around January 2022.

25. During the relevant statutory period, Plaintiff JOSE RAMIREZ regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, six (6) days per week from in or around April 2016 until in or around December 2017.

26. Plaintiff JOSE RAMIREZ also worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, five (5) days per week from in or around January 2018 until in or around January 2022.

27. Thus, Plaintiff JOSE RAMIREZ was regularly required to work fifty-four (54) hours or more hours each week, from in or around April 2016 until in or around December 2017 and forty-five (45) hours or more hours each week, from in or around January 2018 until in or around January 2022.

28. During the relevant statutory period, Plaintiff JOSE RAMIREZ was paid by Defendants a flat rate of approximately:

      i.      $1,680.00 per bi-weekly period from in or around April 2016 until in or around December 2017;

      ii.     $1,700.00 per bi-weekly period from in or around January 2018 until in or around December 2018;

      iii.    $1,800.00 per bi-weekly period from in or around January 2019 until in or around December 2019;

      iv.    $1,900.00 per bi-weekly period from in or around January 2020 until in or around December 2020; and

      v.     $2,000.00 per bi-weekly period from in or around January 2021 until in or around January 2022;

29. Although Plaintiff regularly worked fifty-four (54) hours and forty-five (45) hours or more hours during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

30. Additionally, Defendants paid Plaintiff JOSE RAMIREZ on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## ALEJANDRO NAVARRETE

31. Plaintiff ALEJANDRO NAVARRETE was employed by URION CONSTRUCTION LLC, as a construction worker while performing related miscellaneous duties such as waterproofing, corking and painting for the Defendants, from in or around March 2016 until in or around January 2022.

32. During the relevant statutory period, Plaintiff ALEJANDRO NAVARRETE regularly worked six (6) days per week from in or around April 2016 until in or around December 2017 and five (5) days per week from in or around January 2018 until in or around January 2022.

33. During the relevant statutory period, Plaintiff ALEJANDRO NAVARRETE regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and

regularly ended at approximately 5:00 p.m., or later, six (6) days per week from in or around April 2016 until in or around December 2017.

34. Plaintiff ALEJANDRO NAVARRETE also worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, five (5) days per week from in or around January 2018 until in or around January 2022.

35. Thus, Plaintiff ALEJANDRO NAVARRETE was regularly required to work fifty-four (54) hours or more hours each week, from in or around April 2016 until in or around December 2017 and forty-five (45) hours or more hours each week, from in or around January 2018 until in or around January 2022.

36. During the relevant statutory period, Plaintiff JOSE RAMIREZ was paid by Defendants a flat rate of approximately:
    i. $1,440.00 per bi-weekly period from in or around April 2016 until in or around December 2016;
    ii. $1,450.00 per bi-weekly period from in or around January 2017 until in or around December 2017;
    iii. $1,460.00 per bi-weekly period from in or around January 2018 until in or around December 2018;
    iv. $1,470.00 per bi-weekly period from in or around January 2019 until in or around December 2019;
    v. $1,480.00 per bi-weekly period from in or around January 2020 until in or around December 2020; and
    vi. $1,490.00 per bi-weekly period from in or around January 2021 until in or around January 2022.

37. Although Plaintiff regularly worked fifty-four (54) hours and forty-five (45) hours or more hours during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

38. Additionally, Defendants paid Plaintiff ALEJANDRO NAVARETTE on a bi-weekly basis during the relevant statutory period, failing to timely pay Plaintiff for his first

6

week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## **WILMER CAIZA**

39. Plaintiff WILMER CAIZA was employed by URION CONSTRUCTION LLC as a construction worker and helper while performing related miscellaneous duties for the Defendants, from in or around September 2021 until in or around January 2022.

40. Plaintiff WILMER CAIZA regularly worked five (5) days per week from in or around September 2021 until in or around January 2022.

41. Throughout Plaintiff WILMER CAIZA employment with the defendants, Plaintiff regularly worked a schedule of shifts beginning at 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, five (5) days per week from in or around September 2021 until in or around January 2022.

42. Thus, Plaintiff was regularly required to work forty-five (45) hours or more hours, from in or around September 2021 until in or around January 2022.

43. Plaintiff WILMER CAIZA was paid by Defendants a daily rate of approximately $140.00 per day for all hours worked from in or around September 2021 until in or around January 2022.

44. Although Plaintiff regularly worked forty-five (45) hours or more hours, from in or around September 2021 until in or around January 2022 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

45. Additionally, Defendants paid Plaintiff WILMER CAIZA on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

46. Furthermore, Plaintiff was not compensated at all for his final two weeks of employment by Defendants.

**SEGUNDO YANZAPANTA**

47. Plaintiff SEGUNDO YANZAPANTA was employed by URION CONSTRUCTION LLC as a scaffolder while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around January 2022.

48. Plaintiff SEGUNDO YANZAPANTA regularly worked five (5) days per week from in or around March 2021 until in or around January 2022.

49. Throughout Plaintiff SEGUNDO YANZAPANTA employment with the defendants, Plaintiff regularly worked a schedule of shifts beginning at 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, five (days) days per week from in or around March 2021 until in or around January 2022.

50. Thus, Plaintiff was regularly required to work forty-five (45) hours or more hours, from in or around March 2021 until in or around January 2022.

51. Plaintiff SEGUNDO YANZAPANTA was paid by Defendants a daily rate of approximately:
    i. $185.00 per day for all hours worked from in or around March 2021 until in or around December 2021; and
    ii. $200.00 per day for all hours worked in January 2022.

52. Although Plaintiff SEGUNDO YANZAPANTA regularly worked forty-five (45) hours or more hours, from in or around March 2021 until in or around January 2022 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

53. Additionally, Defendants paid Plaintiff SEGUNDO YANZAPANTA on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

54. Furthermore, Plaintiff was not compensated at all for his final two weeks of employment by Defendants.

8

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

55. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

56. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

57. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English and Spanish, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

58. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of their wages, as required by NYLL §195(3).

59. As a result of these violations of Federal and New York State labor laws, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiffs brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

61. Collective Class: All persons who are or have been employed by the Defendants as construction workers, construction helpers, scaffolders or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

62. Upon information and belief, Defendants employed 30 to 40 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
63. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
64. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
65. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
66. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
67. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
68. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
69. The claims of Plaintiff are typical of the claims of the whole putative class.
70. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
71. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

74. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

75. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

76. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

77. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

78. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

81. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

82. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

85. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

86. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

87. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

88. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

89. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

90. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

91. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

92. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

93. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

94. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

97. Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

98. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
100. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   April 25, 2022
          Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RAMIREZ, ALEJANDRO NAVARRETE, WILMER CAIZA, and SEGUNDO YANZAPANTA, individually and on behalf of all others similarly situated,

                                          Plaintiffs,

      -against-

URION CONSTRUCTION LLC and HERIBERTO GONZALEZ SIRIAS, as an individual,

                                          Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**URION CONSTRUCTION LLC**
95 Old Broadway, New York, NY 10027

**HERIBERTO GONZALEZ SIRIAS**
95 Old Broadway, New York, NY 10027

63 Bayview Avenue, Jersey City, NJ 07305

15